1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS G. REIMAN,

               Plaintiff,

    v.

JOHN AND JANE DOES 1-1000; ABC
ENTITIES/CORPORATIONS 1-1000; and
JOHN AND JANE ROES 1-1000,

           Defendants.

CASE NO. C07-5130RJB

ORDER DENYING PLAINTIFF'S
REQUEST FOR SUBPOENA

       This matter comes before the Court on the plaintiff's request for a subpoena (Dkt. 5). The Court has considered the pleadings filed in support of the plaintiff's request and the remainder of the file here.

## I. BACKGROUND AND DISCUSSION

       On March 22, 2007, the Court issued an order notifying the plaintiff that if he fails to name and serve all defendants in this action within 120 days of filing of the complaint and fails to demonstrate good cause for the failure, the Court will dismiss the action without prejudice as to the unnamed defendants without further notice to the plaintiff. Dkt. 4. To date, the plaintiff has not named any defendants.

       On April 26, 2007, the plaintiff filed a request for a subpoena. Dkt. 5. The subpoena is directed to Nigel N. Brooks, who is not a party to this action. Subpoenas are governed by Federal Rule 45, which provides, in relevant part, as follows:

ORDER
Page 1

(a) Form; Issuance.

    (1) Every subpoena shall

        (A) state the name of the court from which it is issued; and

        (B) state the title of the action, the name of the court in which it is pending, and its civil action number; and

        (C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

        (D) set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing, or sampling may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately. **A subpoena may specify the form or forms in which electronically stored information is to be produced.**

    . . .

    (3) The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. . . .

(c) Protection of Persons Subject to Subpoenas.

    (1) **A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty** and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee. . . .

Fed. R. Civ. P. 45(emphasis added).

      The clerk should not issue the requested subpoena to the plaintiff because the plaintiff's request indicates that the plaintiff seeks to exceed the scope of a proper subpoena. While there are several deficiencies in the plaintiff's proffered subpoena, the Court will comment herein only on some of the major inadequacies.

      First, the subpoena professes to carry with it more power than is proper for a subpoena. As an example, the subpoena attempts to restrict counsel for the recipient of the subpoena from "revealing to anyone other than co-counsel that you have received this subpoena and the contents contained herein." Dkt. 5 at 1. The proffered subpoena has been filed with the Court and is a

ORDER
Page 2

matter of public record. There is no legal basis for directing counsel for non-parties to maintain the confidentiality of a subpoena, and a subpoena has no such power.

Second, the subpoena seeks production of "email document[s] in plain text format" listing or summarizing the recipient's knowledge of various subjects. *See, e.g.*, Dkt. 5 at 2-3. Such requests seek more than mere production of documents and materials already in existence. While the subpoena may "specify the form or forms in which electronically stored information is to be produced," the plaintiff's requests appear to mandate creation of electronically stored information.

Third, the subpoena appears to be an attempt to engage in premature discovery. The period for discovery in this case has not yet commenced. The Federal Rules expressly provide for discovery only after the parties have conferred: "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery **from any source** before the **parties** have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d) (emphasis added).

The Court may authorize discovery before the parties have conferred under Rule 26(f) to afford the plaintiff an opportunity to identify unknown defendants. *See id*; *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The use of fictitious names is an unusual scenario not expressly contemplated by the Federal Rules of Civil Procedure and one over which the Court should exercise careful control.  If the identity of alleged defendants is unknown prior to the filing of a complaint, the Court should allow discovery to identify the unknown defendants unless it is clear (1) that discovery would not identify the defendants or (2) that the complaint would be dismissed on other grounds. *Gillespie*, 629 F.2d at 642.

At this stage of the litigation, before the plaintiff has named any defending parties, discovery would be premature. The plaintiff has not moved for an order allowing premature discovery, as contemplated by Federal Rule 26(d). Any such motion should establish that discovery would identify unknown defendants. The motion should also demonstrate that the complaint would not be dismissed on other grounds, setting forth the nature and factual bases of the plaintiff's claims and the basis for the Court's jurisdiction. Absent an order authorizing early discovery, the plaintiff's request for a subpoena should not be granted.

ORDER
Page 3

Finally, it appears that many of the plaintiff's requests are unnecessarily broad and are not specifically tailored to the plaintiff's claims or to the facts underlying this lawsuit.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff's request for subpoena (Dkt. 5) is **DENIED without prejudice**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of May, 2007.

ROBERT J. BRYAN
United States District Judge

ORDER
Page 4