UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS G. REIMAN,

          Plaintiff,

    v.

JOHN AND JANE DOES 1-1000; ABC
ENTITIES/CORPORATIONS 1-1000; and
JOHN AND JANE ROES 1-1000,

          Defendants.

CASE NO. C07-5130RJB

ORDER DENYING PLAINTIFF'S
THIRD REQUEST FOR
SUBPOENA AND DENYING
MOTION FOR A MORE
DEFINITE STATEMENT

    This matter comes before the Court on the plaintiff's third request for a subpoena (Dkt. 12) and Motion for a More Definite Statement of Pro Se Subpoena Request Procedure (Dkt. 14). The Court has considered the pleadings filed in support of the plaintiff's request, the motion, and the remainder of the file herein.

### I. PROCEDURAL BACKGROUND

    On March 22, 2007, the Court issued an order notifying the plaintiff that if he fails to name and serve all defendants in this action within 120 days of filing of the complaint and fails to demonstrate good cause for the failure, the Court will dismiss the action without prejudice as to the unnamed defendants without further notice to the plaintiff. Dkt. 4. To date, the plaintiff has not named any defendants.

    On April 26, 2007, the plaintiff filed a request for a subpoena. Dkt. 5. The subpoena was directed to Nigel N. Brooks, who is not a party to this action. The Court denied

ORDER
Page 1

without prejudice Mr. Reiman's request for a subpoena and noted several major inadequacies: (1) the subpoena professed to carry power more than is proper for a subpoena; (2) the subpoena mandated creation of electronically stored information rather than mere production; (3) the subpoena appeared to be an attempt to engage in premature discovery in violation of Federal Rule 26(d); and (4) the subpoena was unnecessarily broad and not specifically tailored to the plaintiff's claims or to the facts underlying this lawsuit. Dkt. 8.

On May 14, 2007, the plaintiff filed a second proposed subpoena. Dkt. 9 at 2. The Court denied the plaintiff's request because the time period for discovery in this case has not yet commenced, the plaintiff has not sought leave to engage in premature discovery, and the discovery sought was not aimed merely at discovering potential defendants. Dkt. 11.

Mr. Reiman now offers a proposed "short format" subpoena. Dkt. 12. Mr. Reiman also seeks "an order . . . to publish specific written instructions on how a pro se applicant should complete a request to the Court for a Subpoena." Dkt. 14 at 1.

## II. DISCUSSION

As a threshold matter, the Court understands the plaintiff's apparent frustration. Lawyers and *pro se* litigants alike encounter difficulty navigating the Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington. The Federal and Local Rules must be read together since both may apply. For these reason, federal litigants often find the advice of experienced counsel necessary when proceeding in federal court. Nevertheless, it is beyond the proper role of this Court to counsel the plaintiff on how to proceed with his case. The Court has twice explained to the plaintiff the deficiencies in his requests for a subpoena. In addressing the plaintiff's third request, the Court will endeavor to explain its reasoning and clarify previous rulings.

Subpoenas are governed by Federal Rule of Civil Procedure 45. Federal Rule 45(a) sets forth the four components required of every subpoena. Mr. Reiman's proposed subpoenas do not comply with the third requirement:

(1) Every subpoena shall

ORDER
Page 2

> . . .
> (C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; . . . .

Fed. R. Civ. P. 45(a)(1)(C). At the risk of oversimplification, this portion of Federal Rule 45 provides that a subpoena may command the recipient to (1) testify, (2) produce information, (3) or permit inspection of premises.

Mr. Reiman seeks to command Nigel N. Brooks to produce certain information. The production of such information is a form of discovery. Unless an exception applies, parties may not engage in discovery until they have met and conferred as required by Federal Rule 26(f). Fed. R. Civ. P. 26(d). In this case, no exception applies, and Mr. Reiman has not sought leave of court to engage in premature discovery or demonstrated grounds for granting such leave. Mr. Reiman therefore may not seek discovery from any source. *See id.* For this reason, the Court has held that Mr. Reiman is not yet entitled to subpoena production of documents.

The Court has also noted that even if Mr. Reiman were permitted to engage in premature discovery, the subject of such discovery would necessarily be limited to determining the identity of unnamed plaintiffs. Dkt. 11 at 3; Dkt. 8 at 3. Mr. Reiman's proposed subpoenas are not limited to such an inquiry. *See, e.g.*, Dkt. 12 at 1 (seeking all documents pertaining to the plaintiff and all statements of income received from web sites).

Subpoenas are powerful tools through which litigants may invoke the power of the Court:

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start, *see* Fed. R. Civ. P. 45(a)(1)(D), but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness. Fighting a subpoena in court is not cheap, and many may be cowed into compliance with even overbroad subpoenas, especially if they are not represented by counsel or have no personal interest at stake.

*Theofel v. Farey-Jones*, 359 F.3d 1066, 1074-75 (9th Cir. 2004). The Court is charged with enforcing parties' duties to avoid imposing undue burden or expense on persons subject to a

ORDER
Page 3

subpoena. Fed. R. Civ. P. 45(c)(1). For this reason, the Court has also noted that Mr. Reiman's discovery requests are unnecessarily broad. Dkt. 8 at 4. Mr. Reiman is free to utilize other means for investigating the facts underlying his case but may only invoke the power of the Court through formal discovery, in compliance with the Federal Rules, and without imposing undue burden or expense on the subpoena recipient.

The clerk should not issue a subpoena in this case unless or until (1) the time period for conducting discovery commences, as provided by Federal Rule of Civil Procedure 26(d), OR (2) the Court, upon a motion from Mr. Reiman, issues an order allowing early discovery. In addition, any early discovery should be limited to discovering the identities of unnamed defendants. The procedure for motions to the Court is also set forth in the Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff's third request for a subpoena (Dkt. 12) is **DENIED**, and the Motion for a More Definite Statement of Pro Se Subpoena Request Procedure (Dkt. 14) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of May, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page 4